UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LARRY DEAN RIGGS,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF NEW YORK MELLON, et al.,<br><br>Defendants. | Case No. 2:12-cv-01389-MMD-CWH<br><br>ORDER<br><br>(Plaintiff's Petition for Removal<br>– dkt. no. 9;<br>Defendants' Motion to Dismiss<br>– dkt. no. 13;<br>Plaintiff's Motion for Court of Competent<br>Jurisdiction – dkt. no. 18) |

**I.   SUMMARY**

Before the Court are Plaintiff's Petition for Removal (dkt. no. 9), Defendants' Motion to Dismiss (dkt. no. 13), and Plaintiff's Motion for Court of Competent Jurisdiction (dkt. no. 18).  For the reasons discussed below, Plaintiff's Motions are denied and Defendants' Motion is granted.

**II.   BACKGROUND**

Plaintiff purchased the property located at 4975 Alphonse Drive, Las Vegas, Nevada in February 2006.  The purchase was secured by a Deed of Trust in the amount of $362,900.00, with Countrywide Home Loans, Inc. ("Countrywide") as Lender, CTC Real Estate Services as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Beneficiary and Nominee.  (Dkt. no. 14-1, Ex. A.)

Plaintiff defaulted on his mortgage payments.  On August 26, 2009, after a Notice of Default was recorded against the property, Plaintiff filed a complaint alleging fraud, deceptive trade practices, and wrongful foreclosure against Recontrust, Countrywide,

and Bank of America, N.A. ("BANA"), 2:09-cv-01821-JCM-PAL (D. Nev., filed Sept. 15, 2009). Plaintiff's complaint was dismissed with prejudice. (Dkt. no. 14-1, Ex. C.)

Another Notice of Default was recorded in Clark County Records on July 22, 2010. (Dkt. no. 14-1, Ex. D.) Also at this time, the beneficial interest in the Deed of Trust was assigned to Bank of New York Mellon ("BONY"). (Dkt. no. 14-1, Ex. E.) Thereafter, a Substitution of Trustee was recorded on July 27, 2010, substituting Recontrust Company as the Trustee. (Dkt. no. 14-1, Ex. F.)

A Certificate of Foreclosure Mediation and Notice of Trustee Sale were recorded on November 16, 2010, and August 22, 2011, respectively, with the Clark County Recorder's Office. (Dkt. no. 14-1, Exhs. G and H.) On September 21, 2011, a Trustee Deed was recorded against the property, conveying it to BONY. (Dkt. no. 14-1, Ex. I.)

Plaintiff filed the present Complaint in Nevada's Eighth Judicial District on July 5, 2012, alleging fraud, slander of title, quiet title, declaratory relief, unjust enrichment, and violations of unfair and deceptive trade practices. (Dkt. no. 1-2.) Defendants removed the case to this Court (dkt. no. 1), and now move to dismiss Plaintiff's Complaint. (Dkt. no. 13.)

**III.   PETITION FOR REMOVAL**

Plaintiff filed a "Petition for Removal to a National American Constitutional Common Law Article III General Jurisdiction Court." (Dkt. no. 9.) On review, Plaintiff's Motion appears to be a Motion to Remand this case to state court. However, this case was properly removed for purposes of diversity, 28 U.S.C. § 1332, as Plaintiff is a Nevada citizen and no Defendants are Nevada citizens and the amount in controversy exceeds $75,000. (*See* dkt. no. 1.) Plaintiff's Motion is accordingly denied.

**IV.   MOTION TO DISMISS**

Plaintiff did not respond to Defendants' Motion within the requisite time period. (*See* dkt. no. 13.) Rather, after Defendants filed a Notice of Non-Opposition to their Motion to Dismiss (dkt. no. 19), Plaintiff filed a Response to the Notice of Non-Opposition. (Dkt. no. 20.) However, the filing does not respond to Defendants' legal or

factual assertions, or provide the Court with any reason to deny Defendants' Motion to Dismiss.

Failure to file points and authorities in opposition to a motion constitutes consent that the motion be granted. L.R. 7-2(d); *see Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Further, the Court has reviewed Defendants' Motion, and determines that Plaintiff's claims are barred by the doctrine of claim preclusion due to the ruling in the prior case, 2:09-cv-01821-JCM-PAL. The Court therefore grants Defendants' unopposed motion.

## V.  MOTION FOR COURT OF COMPETENT JURISDICTION

Plaintiff appears to argue that this Court does not have jurisdiction to hear this case. As mentioned in Part III, this case is properly before this Court. Plaintiff's Motion (dkt. no. 18) is accordingly denied.

## VI.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Petition for Removal (dkt. no. 9) and Motion for Court of Competent Jurisdiction (dkt. no. 18) are DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (dkt. no. 13) is GRANTED. The Complaint is HEREBY DISMISSED WITH PREJUDICE.

The Clerk of the Court is HEREBY ORDERED to close this case.

DATED THIS 14th day of March 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE